Stamp

AO 241
(Rev. 01/15)

FEB 0 1 2023

RECEIVE
NWFRC

INMATE INITIALS JT

6:23CV215-PGB-DAB

2023 FEB -6 PM 3: US DISTRICT COURT MIDDLE DISTRICT OF FL ORLANDO, FLORIDA

FILED

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | | District: MIDDLE | |
|---|---|---|---|
| Name (under which you were convicted): James Aaron Todd | | | Docket or Case No.: 2013-306679 |
| Place of Confinement : NORTHWEST FLORIDA RECEPTION Center-Annex | | Prisoner No.: V03705 | |
| Petitioner (include the name under which you were convicted) James Aaron Todd | | Respondent (authorized person having custody of petitioner) v.  SECRETARY, FLORIDA DEPT. OF CORRECTIONS | |
| The Attorney General of the State of: FLORIDA - ASHLEY MOODY | | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    SEVENTH JUDICIAL CIRCUIT COURT, VOLUSIA COUNTY FLORIDA

    (b) Criminal docket or case number (if you know): 2013-306679

2.  (a) Date of the judgment of conviction (if you know): June 24, 2016

    (b) Date of sentencing: July 14, 2016

3.  Length of sentence: 25 YEARS

4.  In this case, were you convicted on more than one count or of more than one crime? ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

| | |
|---|---|
| Ct.1: TRAFFICKING IN COCAINE (28-200 grams) | Ct.7: POSSESSION OF SCHEDULE IV SUBSTANCE |
| Ct.2: POSSESSION OF SCHEDULE II SUBSTANCE | Ct.8: POSSESSION OF SCHEDULE IV SUBSTANCE |
| Ct.3: TRAFFICKING IN OXYCODONE (14-28 grams) | Ct.9: POSSESSION OF AMPHETAMINES |
| Ct.4: TRAFFICKING IN HYDROMORPHONE (28-30 kg) | Ct.10: POSSESSION OF CANNABIS LESS THAN 20g. |
| Ct.5: POSSESSION OF SCHEDULE II SUBSTANCE | Ct.11: POSSESSION OF PARAPHERNALIA |
| Ct.6: POSSESSION OF SCHEDULE IV SUBSTANCE | Ct.12: RESISTING OFFICER W/O VIOLENCE |

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241
(Rev. 01/15)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   NONE

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☑ No

8.   Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   FIFTH DISTRICT COURT OF APPEAL

(b) Docket or case number (if you know):   5D16-2732

(c) Result:   PER CURIAM AFFIRMED

(d) Date of result (if you know):   AUGUST 29, 2017

(e) Citation to the case (if you know):   Todd v. STATE, 231 So 3d 1280 (Fla. 5th DCA 2017)

(f) Grounds raised:   ① DENYING MOTION TO SUPPRESS ; ② SUMMARY DENIAL OF SECOND MOTION TO SUPPRESS EVIDENCE ; ③ DENIAL OF DEFENDANT'S ORE TENUS MOTIONS FOR JUDGMENT OF ACQUITTAL AS TO ALL COUNTS OF THE INFORMATION

(g) Did you seek further review by a higher state court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Name of court:   N/A

(2) Docket or case number (if you know):   N/A

(3) Result:   N/A

(4) Date of result (if you know):   N/A

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: SEVENTH JUDICIAL CIRCUIT COURT, VOLUSIA COUNTY, FLORIDA

(2) Docket or case number (if you know): 2013-306679

(3) Date of filing (if you know): SEPTEMBER 10, 2018

(4) Nature of the proceeding: RULE 3.800(a) MOTION TO CORRECT ILLEGAL SENTENCE

(5) Grounds raised: DOUBLE JEOPARDY

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?   ☐ Yes   ☑ No

(7) Result: DENIED

(8) Date of result (if you know): SEPTEMBER 21, 2018

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: SEVENTH JUDICIAL CIRCUIT COURT, VOLUSIA COUNTY FLORIDA

(2) Docket or case number (if you know): 2013-30669

(3) Date of filing (if you know): SEPTEMBER 6, 2019

(4) Nature of the proceeding: RULE 3.850 MOTION FOR POST CONVICTION RELIEF

(5) Grounds raised: 1a: INEFFECTIVE ASSISTANCE OF COUNSEL, FAILURE TO FILE A MOTION TO DISMISS THE TRAFFICKING IN HYDROMORPHONE COUNT; 1b: FAILURE TO PRESENT PRESCRIPTION DEFENSE TO THE JURY; 3: INEFFECTIVE ASSISTANCE OF COUNSEL, FAILURE TO PROPERLY ADVISE DEFENDANT ABOUT HIS RIGHTS TO TESTIFY AND BY MISADVISING DEFENDANT REGARDING TESTIFYING ON HIS OWN BEHALF

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes   ☐ No

(7) Result: DENIED

(8) Date of result (if you know): AUGUST 23, 2021

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: DISTRICT COURT OF APPEAL, FIFTH DISTRICT

(2) Docket or case number (if you know): 5D21-2375

(3) Date of filing (if you know): FEBRUARY 23, 2022

(4) Nature of the proceeding: RULE 9.141 APPEAL BRIEF

(5) Grounds raised: 1: TRIAL COURT ERRED BY DENYING APPELLANT'S 3.850 MOTION ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL AFTER HOLDING AN EVIDENTIARY HEARING WHICH SHOWED BY A PREPONDERANCE OF EVIDENCE THAT COUNSEL DID INDEED RENDER INEFFECTIVE ASSISTANCE; 2: TRIAL COURT ERRED BY DENYING APPELLANT'S 3.850 MOTION ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL AFTER HOLDING AN EVIDENTIARY HEARING WITHOUT ATTACHING RECORDS CONCLUSIVELY SHOWING THAT APPELLANT IS ENTITLED TO NO RELIEF.

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: PER CURIAM AFFIRMED W/O OPINION

(8) Date of result (if you know): AUGUST 23, 2022

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes   ☐ No

(2) Second petition: ☑ Yes   ☐ No

(3) Third petition: ☑ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE: Trial Court ERRED BY DENYING PETITIONER'S RULE 3.850 MOTION AFTER EVIdENtARY HEARING THAT DEMONSTRATED Counsel Rendered INEFFECTIVE ASSISTANCE And THAT PETITIONER WAS Actually INNOCENT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On DECEMBER 19, 2013, PETITIONER WAS DRIVING A SILVER CADILLAC XTS THAT WAS BEING RENTED BY THE PETITIONER. VOLUSIA BUREAU OF INVESTIGATION (VBI) allegedly observed that the PETITIONER WAS NOT WEARING his SEATBELT while driving. VBI. then initiated a TRAFFIC stop. During the TRAFFIC stop TFA YISRAEL Allegedly observed multiple clear plastic bags containing a white powdery substance and pills hanging out of the driver's side door pocket. While V.B.I. WAS RUNNING the PETITIONER'S driver's license And RENTAL agreement A K-9 OFFICER (Guercharri) ARRIVED on scene. Guercharri was then told to do a vehicle SNiFF OF PETITIONER'S vehicle. (See pgs. 6A-6J).

(b) If you did not exhaust your state remedies on Ground One, explain why:

V.B.I. OFFICER HAMPTON AND K-9 OFFICER GURNCH-ARRI THEN APPROACHED THE VEHICLE, OFFICER HAMPTON ASKED PETITIONER TO EXIT THE VEHICLE SO THE K-9 COULD SNIFF THE VEHICLE. PETITIONER THEN ASKED THE OFFICER, WHY HE WAS PULLED OVER; WHY HE HAD TO EXIT THE VEHICLE, WHAT THE DOG WAS FOR, AND IF HE COULD CALL HIS LAWYER? THE OFFICER DID NOT RESPOND, BUT AGAIN ORDERED THE PETITIONER TO EXIT THE VEHICLE. THE PETITIONER DID NOT RESPOND, BUT ATTEMPTED TO CALL HIS LAWYER. OFFICER HAMPTON TRIED TO PULL THE PETITIONER FROM HIS VEHICLE BUT THE PETITIONER RESISTED BY BRACING HIMSELF WITHIN THE VEHICLE. THE OFFICERS TRIED TO PULL THE PETITIONER OUT OF THE VEHICLE, BUT WITHOUT SUCCESS. AT THAT TIME OFFICER GURYCHARRE DEPLOYED HIS TAZER, STRIKING THE PETITIONER AT CENTER MASS; IT TOOK TWO CYCLES FOR THE OFFICERS TO EXTRACT THE PETITIONER FROM HIS VEHICLE.

DURING THE VEHICLE SEARCH, OFFICERS FOUND VARIOUS DRUGS, DRUG PARAPHANALIA AND A BB GUN; THE PETITIONER WAS ARRESTED AND LATER CHARGED ON DECEMBER 26, 2013 WITH MULTIPLE TRAFFICKING AND POSSESSION CHARGES.

IN JANUARY 2014, THE PETITIONER INFORMED HIS COUNSEL MRS. HADAD THAT HE HAD A LEGAL VALID PRESCRIPTION FOR THE HYDROMORPHONE PILLS USED FOR THE TRAFFICKING CHARGE. THE PRESCRIPTION WAS SIGNED BY DR. HARRY STEIN AND THE PETITIONER HAD BEEN RECEIVING ONE HUNDRED AND FORTY (140) TABLETS OF HYDROMORPHONE (8mg/EACH) FROM 4/26/2013 - 12/18/2013.

Page 6A

THE LEGAL, VALID PRESCRIPTIONS ALSO COVERED THE DILAUDID PILLS RECOVERED BY LAW ENFORCEMENT. THE "707 CHARGING AFFIDAVIT" USED BY VOLUSIA COUNTY SHERIFF DEPT. AND DAYTONA BEACH PD STATES, IN PART:

- "3 - 8mg HYDROMORPHONE/DILAUDID (24 COUNTS) SCHEDULE II, APPROX. 3.6g
- 10 - 8mg DILAUDID (99 COUNTS) SCHEDULE II, APPROX. 14.7g
- 11 - 8mg DILAUDID (85 COUNTS) SCHEDULE II. APPROX. 12.8g
- 15 - 8mg HYDROMORPHONE (100 COUNTS) SCHEDULE II APPROX. 15.2g
- 16 - 8mg HYDROMORPHONE (100 COUNTS) SCHEDULE II APPROX. 15.1g
- - - " (APPENDIX PG 1-4)

COUNSEL HADAD TOLD THE PETITIONER THAT HAVING A PRESCRIPTION FOR THE HYDROMORPHONE WAS VERY GOOD, REALLY HELPING THE CASE, YET SHE FAILED TO FURTHER IN-QUIRE, INVESTIGATE OR TO GET A COPY OF PETITIONER'S PRESCRIPTION. COUNSEL HADAD DID NOT CONTACT DR. HARRY STEIN (THE PRESCRIBING DOCTOR) NOR OAKS OR MIMS PHARMACY IN MIMS, FLORIDA.

HAD COUNSEL HADAD ACQUIRED THESE DOCUMENTS TO BE USED AS THE FOUNDATION FOR A MOTION TO DISMISS THE HYDROMOR-PHONE TRAFFICKING CHARGE (COUNT IV). AS THE COUNSEL FAILED TO OBTAIN THIS CRITICAL INFORMATION. THE PETIT-IONER MOVED FOR A NELSON HEARING AND THE COUNSEL SUBSEQUENTLY WAS REPLACED BY CONFLICT COUNSEL WRENN IN MAY 2015.

COUNSEL WRENN WAS INFORMED BY THE PETITIONER OF HIS LEGAL, VALID PRESCRIPTION FOR HYDROMORPHONE TO

WHICH HE ASKED "WHAT ABOUT THE OTHER DRUGS?" TO WHICH THE PETITIONER SUGGESTED "LETS TAKE CARE OF THE HYDROMORPHONE FIRST." COUNSEL WRENN FILED A SUPPRESSION MOTION REGARDING ALL THE EVIDENCE BASED ON AN ILLEGAL TRAFFIC STOP OF WHICH THE PETITIONER WAS NOT INFORMED. AT NO TIME THE PETITIONER REQUESTED THAT HIS COUNSEL FILE A SUPPRESSION MOTION OR SEEK A SUPPRESSION STRATEGY. THE PETITIONER KNEW THAT THE SEATBELT VIOLATION WAS SUFFICIENT TO INITIATE A TRAFFIC STOP.

ON AUGUST 31, 2015 THE PETITIONER WAS BROUGHT TO COURT FOR THE SUPPRESSION MOTION HEARING, HOWEVER THE PETITIONER HAD NO IDEA OF THE HEARING AS HIS COUNSEL FAILED TO INFORM HIM ABOUT IT.

DURING THE HEARING THE PETITIONER WAS ADVISED NOT TO TESTIFY. ULTIMATELY, THE COURT DENIED THE SUPPRESSION MOTION BASED ON THE FACT THAT THE SEATBELT VIOLATION JUSTIFIED THE TRAFFIC STOP.

IN LATE AUGUST 2015 THERE WAS A STRONG CONFLICT OF INTEREST BETWEEN THE PETITIONER AND HIS COUNSEL, AS ON MANY INSTANCES COUNSEL WRENN LIED TO, SCREAMED AT, MADE DEROGATORY COMMENTS TOWARDS, AND THREW OBJECTS TOWARDS THE PETITIONER. THE PETITIONER FELT HIS COUNSEL WAS "WORKING FOR THE STATE" AS THE COUNSEL FAILED TO BE AN ADVOCATE FOR THE PETITIONER.

Page 6C

COUNSEL MERCADO REPLACED COUNSEL WRENN, AND CONTINUED REPRESENTING THE PETITIONER DURING THE TRIAL AND SENTENCING PHASE. COUNSEL MERCADO MADE LITTLE EFFORT TO OBTAIN PETITIONER'S LEGAL AND VALID PRESCRIPTION, HOWEVER, EVENTUALLY, ONE OF PETITIONER'S RELATIVE HANDED IT TO COUNSEL MERCADO, WHO SOON VISITED THE PETITIONER AT THE JAIL, SHE FURTHER ASKED THE PETITIONER "WHAT DO YOU WANT ME TO DO WITH THESE?" THE PETITIONER AGAIN SUGGESTED FILING A MOTION TO SUPRESS/DISMISS COUNT IV, TRAFFICKING WITH HYDROMORPHONE. THE COUNSEL REPLIED "THE JUDGE WILL NEVER GRANT SUCH MOTION", TO WHICH THE PETITIONER ASKED "WHAT POSSESSES YOU TO SAY THAT?" TO WHICH THE COUNSEL REPLIED "TRIAL STRATEGY!"

COUNSEL'S PERFORMANCE WAS DEFICIENT AS SHE FAILED TO FILE A MOTION TO DISMISS CHARGE/COUNT IV, TRAFFICKING IN HYDROMORPHONE, AFTER BEING PROVIDED WITH A LEGAL AND VALID PRESCRIPTION, THE ERROR WAS SO SERIOUS THAT THE COUNSEL DID NOT FUNCTION AS A "COUNSEL" AS GUARANTEED BY FLORIDA CONSTITUTION, ARTICLE 116 (9) AND U.S. CONSTITUTION, 6th AMENDMENT, AND GREATLY PREJUDICED THE PETITIONER AS THE HYDROMORPHONE PILLS, LEGALLY PRESCRIBED TO AND POSSESSED BY THE PETITIONER WERE USED AS EVIDENCE OF PETITIONER'S UNLAWFUL POSSESSION (ALLEGEDLY) TO THE TRAFFICKING CHARGE.

Page 6D

THE PETITIONER WAS SUBSEQUENTLY FOUND GUILTY OF

COUNT IV) AND SENTENCED TO TWENTY-FIVE (25) YEAR MANDATORY MINIMUM SENTENCE.

DURING THE EVIDENTIARY HEARING REGARDING COUNSEL MERCADO'S INEFFECTIVE ASSISTANCE, HELD AUGUST 16 2021, THE FOLLOWING STATEMENTS WERE MADE:

[MS. CROCK/STATE] OKAY, NOW, WHEN YOU DISCUSSED TRIAL STRATEGY WITH HIM, WAS HE IN AGREEMENT WITH THE STRATEGY? [MS. MERCADO] SOMETIMES IT TOOK A WHILE - TOOK SOME DISCUSSION, I MEAN, FOR EXAMPLE, YOU KNOW, ONE OF THE THINGS WE'RE GOING TO TALK ABOUT ABOUT TODAY IS THE PRESCRIPTION DEFENSE, AND HE HAD ALERTED ME TO TWO DIFFERENT PHARMACIES WHERE HE GOTTEN PRE-SCRIPTION FILLED AND SPECIFICALLY TOLD ME THAT HE HAD AT LEAST ONE PRESCRIPTION THROUGH AN OAKS PHARMACY FOR HYDROMORPHONE SO I PURSUED THAT WITH THE HELP OF HIS SISTER GOT A LIST FROM THEM OF DATES THEY WERE FILLED AND THE DOSAGES, AND AND AFTER WE GOT THAT, I SAID, YOU KNOW WE GOT ALL THESE OTHER DRUGS, THIS IS KIND OF A PROBLEM, YOU KNOW, AND WE DISCUSSED THE STRATEGY OF IF YOU'RE GOING TO, YOU KNOW, CLAIM A PRESCRIPTION FOR ONE DRUG AND THEN YOU HAVE ALL THESE DRUGS, IT KIND OF WEAKENS THE DEFENSE, ---

--- AND THEN HE SAID, WELL, YOU KNOW, THIS GUY I'VE BEEN TELLING YOU ABOUT IS WILLING TO TAKE THE STAND AND TELL THE TRUTH. AND I SAID, WELL THAT'S BEAUTIFUL, LET'S DO THAT TAKES CARE OF ALL -- YOU KNOW EVERYTHING IN THE BLACK BAG, AND THAT MAKES MORE

PAGE

SENSE, SO WE HAD A PRETTY LENGTHY DISCUSSION ABOUT— BECAUSE HE WAS STILL HOLDING ONTO THE PRESCRIPTION DEFENSE AS POSSIBLY A FALLBACK, AND WE DISCUSSED IT AT LENGTH BEFORE TRIAL HOW THAT WAS REALLY GOING TO DILUTE THE DEFENSE THAT THESE DRUGS BE— LONG TO SOMEONE ELSE. BECAUSE, AGAIN, I MEAN THERE ARE TIMES WHEN ALTERNATIVE DEFENSES MAKE SENSE, BUT TO SAY EVERYTHING IN THIS BAG BELONGS TO HIM BUT IF YOU DON'T BELIEVE IT, OH, BY THE WAY HERE IS THE PRESCRIPTION FOR HYDROMORPHONE, BE— CAUSE IT WOULD HAVE REQUIRED ADDING UP MANY, MANY MONTHS OF FILLING THAT PRESCRIPTION IN ORDER TO HAVE ENOUGH DRUGS THAT WERE ACTUALLY IN THE BAG. SO IT ... I FELT IT WOULD HAVE BEEN DETRIMENTAL TO USE IT. I THOUGHT IT COULD CUT AGAINST HIM. AND — — HE ULTIMATELY DEFERRED TO MY JUDGEMENT ON THAT.

Q: OKAY, SO HE WAS IN AGREEMENT WITH THE STRA— TEGY OF UTILIZING THE WITNESS AS OPPOSED TO THE PRESCRIPTION GIVEN THE DETRIMENT THAT THE PRE— SCRIPTION WOULD HAVE HAD TO HIS OVERALL DEFENSE?
A: YES.

Q: OKAY. AND IN YOUR TIME AS A CRIMINAL DEFENSE ATTORNEY (27 YEARS) HAD YOU ARGUED PRESCRIPTION DEFENSES BEFORE IN OTHER CASES?
A: NOT IN TRIAL, JUST — — YOU KNOW, I'MEAN I'VE GOTTEN SOME CASES DROPPED BY PRESENTING A PRESCRIPTION — — SO YOU KEEP IT FROM GETTING

FILED ON OR YOU GET THE COURT NOLLE PROSSED
OR WHATEVER.


A: AND AGAIN, IT JUST DIDN'T MAKE SENSE TO
ME TO PRESENT TWO DIVERGENT DEFENSES. I FELT
THEY WERE TOO -- I JUST FELT IT WAS A LOT OF
CREDIBILITY. LIKE I DIDN'T BELIEVE THE WIT-
NESS MYSELF. I FELT THAT -- THERE WAS A BIG
RISK THERE. --

Q: AND YOU TESTIFIED THAT IT WOULD HAVE TAKEN
MANY MONTHS TO ACQUIRE THE AMOUNT OF DRUGS
USING THE PRESCRIPTION, DID YOU-- HOW FAR INTO
THAT DID YOU ANALYZE? DID YOU WORK OUT THE NUMBERS
BASED ON THE PRESCRIPTIONS?

A: I THINK I DID AT THE TIME, BUT I DON'T HAVE
THAT IN FRONT OF ME NOW. THE LIST I HAVE I THINK
HAD -- LETS SEE -- LIKE FOUR MONTHS WORTH OF THOSE
THAT I PROVIDED THE STATE, -- AUGUST, SEPTEMBER,
OCTOBER, NOVEMBER. AND I THINK THERE WERE EIGHT
MG A PIECE, AND A HUNDRED -- ANYWAY, IT JUST
SEEMED LIKE HE WOULD HAVE TO HAVE STOCKPILED
THEM TO COME UP WITH THE AMOUNT THAT HE HAD
HERE, 28 GRAMS OR MORE.
---

Q: DID YOU MAKE MR. TODD AWARE THAT YOU HADN'T
UTILIZED A PRESCRIPTION DEFENSE AT ALL IN YOUR
PRIOR DEFENSE ATTORNEY CAREER PRIOR TO TRIAL?

Page 66

A: DID I MAKE HIM AWARE THAT I USED THAT DEFENSE? WELL, I WOULDN'T HAVE TOLD HIM I HAD USED IT IN TRIAL BECAUSE I HAVEN'T USED IT AT TRIAL. I'VE ONLY USED IT TO GET CHARGES DISMISSED IN THE PAST. NOW, IF HE ASKED ME IF I HAD USED THE DEFENSE IN A CASE BEFORE, I WOULD HAVE TOLD HIM YES, BECAUSE I HAVE.

Q: I GUESS MY QUESTION IS YOU TESTIFIED THAT YOU'VE NEVER USED -- IN TRIAL YOU'VE NEVER USED A PRESCRIPTION DEFENSE. DID YOU MAKE MR. TODD AWARE OF THAT IN PREPARATION FOR HIS CASE THAT YOU HAD NEVER USED -

A: OH, I DON'T KNOW, I DON'T KNOW, ONLY IF HE ASKED ME THAT QUESTION. I PROBABLY WOULDN'T JUST SAID THAT.

Q: ATTORNEY MERCADO, WHY NOT USE -- UTILIZE BOTH DEFENSES AT TRIAL?

A: WELL, LIKE I SAID BEFORE -- I MEAN, THERE ARE TIMES WHEN ALTERNATIVE DEFENSES, YOU CAN PULL IT OFF WITHOUT IT SOUNDING DISINGENUOUS, BUT IN THIS KIND OF CASE THERE ARE VIDEOS INVOLVED WHERE HE CAME ACROSS REALLY BADLY, THERE WAS A VIDEO OF HIM FIGHTING WITH THE POLICE -- SO TO SAY -- AND THIS WASN'T LIKE A BIG GIANT BLACK BAG, IT WASN'T LIKE A BIG DUFFEL BAG, I MEAN, IT WAS A RELATIVELY SMALL BLACK BAG, SO TO SAY THIS PART OF IT TO ARGUE MIGHT HAVE BEEN -- THIS HE HAS THIS PRESCRIPTION WHILE AT THE SAME TIME SAYING NONE OF THIS, I THOUGHT IT WAS OPENING THE DOOR TO THEM SAYING, YEAH, HE GOT A PRESCRIPTION SO HE CAN SELL THIS STUFF. AND I JUST THOUGHT IT

Page 64

WAS A DOUBLE EDGE SWORD.." (APPENDIX PG. 44-91)

IN THE CURRENCY AT BAR, THE CONTROLLED SUBSTANCES FOUND BY LAW ENFORCEMENT WERE FOUND IN TWO LOCATIONS INSIDE PETITIONER'S VEHICLE.

AN ITEMIZED LIST OF WHAT WAS FOUND IN BOTH LOCATIONS OF PETITIONER'S VEHICLE AVAILABLE IN APPENDIX PG. 1-4, 117-118.

THE FACTS OF THIS CASE SHOW THAT THE DRUGS WERE FOUND IN TWO (2) LOCATIONS INSIDE PETITIONER'S VEHICLE WITH THE QUANTITIES OF DRUGS ADDED TOGETHER TO CHARGE THE PETITIONER WITH THE DRUG OFFENSES. THE PETITIONER'S 1ST OBJECTIVE WAS TO GET THE TRAFFICKING IN HYDROMORPHONE COUNT "IX" DISMISSED AS THE PETITIONER POSSESSED A LEGAL AND VALID PRESCRIPTION, HAD THAT BEEN SUCCESSFUL, THE PETITIONER WOULD HAD RECEIVED A MORE REASONABLE PLEA BY THE STATE. IN THE ALTERNATIVE, THE PETITIONER HAD A WITNESS, MR. BAUFRED WHO WAS WILLING TO TAKE RESPONSIBILITY FOR THE DRUGS IN THE BLACK BAG, HAD THE CASE GONE TO TRIAL.

A COMPETENT AND EFFECTIVE COUNSEL WOULD HAVE REALIZED THAT THE STATE CHARGED THE TRAFFICKING IN HYDROMORPHONE BY ADDING ALL THE DRUGS TOGETHER TO GET 61.4 GRAMS, HENCE THE DISMISSAL WOULD ENCOMPASS ALL THE HYDROMORPHONE. FURTHERMORE AN EFFECTIVE COUNSEL WOULD LIKEWISE REALIZED THAT

MR. BALFORD WAS ONLY TAKING RESPONSIBILITY FOR THE DRUGS IN THE BLACK BAG. THE ONLY TIME THE PRESCRIPTIONS WERE BROUGHT UP TO THE COURT'S ATTENTION WAS DURING THE SENTENCING. IN OTHER WORDS, THE JURY NEVER GOT A CHANCE TO HEAR OR SEE THIS BRADY-EXCULPATORY EVIDENCE.

## — ACTUAL INNOCENCE —

FACTUALLY AND LEGALLY, THE PETITIONER IS INNOCENT OF THE CHARGE OF TRAFFICKING IN HYDROMORPHONE (COUNT IV.) AS HE WAS IN POSSESSION OF A VALID PRESCRIPTION FOR THIS CONTROLLED SUBTANCE. PETITIONER BEING FOUND GUILTY BY A JURY FOR TRAFFICKING IN HYDROMORPHONE WAS A FUNDAMENTAL MISCARRIAGE OF JUSTICE.

FIRST, COUNSEL SHOULD HAVE MOVED TO DISMISS THIS CHARGE. SECONDLY, FOR WHATEVER REASON, HAD NOT BEEN SUCCESSFUL, THE COUNSEL SHOULD HAVE FILED AN INTERLOCUTARY APPEAL ON THAT DENIAL. FINALLY, HAD THAT BEEN UNSUCCESSFUL COUNSEL COULD HAVE MOVED FOR A JUDGEMENT OF ACQUITTAL AFTER THE STATE RESTED AND THEN PRESENTED THE PRESCRIPTIONS TO THE COURT AND THE JURY. SADLY, NONE OF THE ABOVE OCCURRED IN PETITIONER'S CASE.

IN SUMMARY, THE PETITIONER'S TRIAL AND CONVICTION IN REGARD TO COUNT IV. WAS A FUNDAMENTAL MISCARRIAGE OF JUSTICE AS THE PETITIONER WAS INNOCENT. NO REASONABLE JURY WOULD HAVE CONVICTED THE PETITIONER IN LIGHT

OF HIS PRESCRIPTION INFORMATION.

THE PETITIONER RESPECTFULLY MOVES THIS HONORABLE COURT TO ACCEPT THIS FOREGOING PETITION AS TIMELY FILED AS HE IS RAISING AN INNOCENCE CLAIM THAT HAS BEEN DETAILED AND RELIABLY SHOWN. THIS COURT SHOULD HOLD AN EVIDENTIARY HEARING ON THIS GROUND AND/OR VACATE PETITIONER'S CONVICTION AND SENTENCE REGARDING COUNT IV.

( BELOW, PLEASE NOTE THE MEMORANDUM OF LAW )

Page 6K

- ARGUMENTS - SUMMARY -

1) THE PETITIONER HAD A VALID PRESCRIPTION, CONFIRMED BY TWO PHARMACIES AND PRESCRIBING DOCTER. THE COUNSEL NEVER BROUGHT THIS UP TO THE COURT AND JURY UNTIL THE SENTENCING PHASE, WHEN IT WAS TOO LATE. (BRADY / EXCULPATORY EVIDENCE)

2) THE COUNSEL DID NOT PUT THE KEY WITNESS, MR. BALFORD ON STAND, AS HE WAS TAKING RESPONSIBILITY FOR THE DRUGS IN THE BLACK BAG.

3) THE COUNSEL ADMITTED AS NOT HAVING ANY PRESCRIPTION DEFENSE EXPERIENCE

4) THE COUNSEL FAILED TO MOVE DISMISSAL OF CHARGES IN COUNT IV, ALTHOUGH SHE WAS IN POSSESSION OF VALID CONFIRMATION OF PETITIONER'S LEGAL AND VALID PRESCRIPTION

AO 241
(Rev. 01/15)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:   THIS ISSUE MUST BE RAISED IN A RULE 3.850 POST CONVICTION RELIEF MOTION.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   RULE 3.850

Name and location of the court where the motion or petition was filed:   SEVENTH JUDICIAL CIRCUIT COURT, VOLUSIA COUNTY, FLORIDA

Docket or case number (if you know):   2013-306079

Date of the court's decision:   AUGUST 23, 2021

Result (attach a copy of the court's opinion or order, if available):   DENIED

(3) Did you receive a hearing on your motion or petition?     ☑ Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   DISTRICT COURT OF APPEAL, FIFTH DISTRICT, DAYTONA BEACH, FLORIDA

Docket or case number (if you know):   5D21-2375

Date of the court's decision:   AUGUST 23, 2022

Result (attach a copy of the court's opinion or order, if available):   PER CURIAM AFFIRMED WITHOUT AN OPINION

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:   N/A

---

**GROUND TWO:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why:

_____

_____

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes      ☐  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

_____

_____

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

_____

_____

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

　　　(1) If you appealed from the judgment of conviction, did you raise this issue?　　☐　Yes　　☐　No

　　　(2) If you did not raise this issue in your direct appeal, explain why: _____

　　　_____

　　　_____

(d)   **Post-Conviction Proceedings:**

　　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　　☐　Yes　　☐　No

　　　(2) If your answer to Question (d)(1) is "Yes," state:

　　　Type of motion or petition: _____

　　　Name and location of the court where the motion or petition was filed: _____

　　　_____

　　　Docket or case number (if you know): _____

　　　Date of the court's decision: _____

　　　Result (attach a copy of the court's opinion or order, if available): _____

　　　_____

　　　_____

　　　(3) Did you receive a hearing on your motion or petition?　　　☐　Yes　　☐　No

　　　(4) Did you appeal from the denial of your motion or petition?　　☐　Yes　　☐　No

　　　(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　☐　Yes　　☐　No

　　　(6) If your answer to Question (d)(4) is "Yes," state:

　　　Name and location of the court where the appeal was filed: _____

　　　_____

　　　Docket or case number (if you know): _____

　　　Date of the court's decision: _____

　　　Result (attach a copy of the court's opinion or order, if available): _____

　　　_____

　　　_____

　　　_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

## GROUND FOUR: _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒  Yes       ❒  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒  Yes       ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?          ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?     ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)                                                                                    Page 13

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:   N/A

_____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A _____

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.   N/A

_____

_____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N/A

_____

_____

_____

_____

AO 241
(Rev. 01/15)                                                                                        Page 14

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the
     judgment you are challenging:

     (a) At preliminary hearing: LINDA D. HADAD, ESQ.
     444 SEABREEZE BLVD. SUITE 435 DAYTONA BCH., FLA. 32118

     (b) At arraignment and plea: MITCHELL G. WRENN, ESQ.
     101 SUNNYTOWN RD. SUITE 310, CASSELBERRY, FLA. 32707

     (c) At trial: LEE T. MERCADO, ESQ.
     305 MAGNOLIA STREET, NEW SMYRNA BCH., FLA. 32168

     (d) At sentencing: LEE T. MERCADO, ESQ.
     305 MAGNOLIA STREET, NEW SMYRNA BCH., FLA. 32168

     (e) On appeal: EDDIE J. BELL ESQ.
     P.O. BOX 11630, DAYTONA BCH., FLA. 32114

     (f) In any post-conviction proceeding: ALAN HOLT ESQ.
     318 SILVER BEACH AVE., DAYTONA BEACH, FLA. 32118

     (g) On appeal from any ruling against you in a post-conviction proceeding: N/A


17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are
     challenging?        ☐ Yes    ☑ No

     (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
     N/A

     (b) Give the date the other sentence was imposed: N/A

     (c) Give the length of the other sentence: N/A

     (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
     future?            ☐ Yes    ☑ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
     why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

     PETITIONER IS RAISING A FUNDAMENTAL MISCARRIAGE OF
     JUSTICE AND ACTUAL INNOCENCE CLAIM PURSUANT TO
     MCQUIGGIN V. PERKINS, 569 US 383 (2013). THIS REN-
     DERS PETITIONER'S CLAIM TIMELY UNLESS THIS COURT
     DETERMINES OTHERWISE.

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief: TO GRANT AN EVIDENTIARY
HEARING ON THIS GROUND AND/OR TO VACATE PETITIONER'S CONVICTION AND
SENTENCE REGARDING COUNTY.

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   2 - 1 - 2023   (month, date, year).

Executed (signed) on   2 - 1 - 2023 (date).

_____James A. Todd_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA - ORLANDO DIVISION

JAMES AARON TODD (PETITIONER)
VS.
RICKY DIXON (RESPONDENT)
SECRETARY, FLORIDA DEPT. OF CORRECTION

- MEMORANDUM OF LAW IN SUPPORT -

PETITIONER INFORMATION:

JAMES AARON TODD
FDC#: V03705
N.W.F.R.C. - ANNEX
4455 SAM MITCHELL DR.
CHIPLEY, FL. 32428

Page 1

FLA. STATUTE (2013) § 499.03 (1) PROVIDES AN
EXCEPTION TO THE POSSESSION OF CERTAIN DRUGS, NAMELY:
" (1) A PERSON MAY NOT POSSESS, OR POSSESSES WITH
THE INTENT TO SELL, DISPENSE, OR DELIVER, ANY HABIT-
FORMING, TOXIC, HARMFUL, OR NEW DRUG SUBJECT TO
§ 499.003 (33) OR PRESCRIPTION DRUG AS DEFINED
IN § 499.003 (43) UNLESS THE POSSESSION OF THE DRUG
HAS BEEN OBTAINED BY A VALID PRESCRIPTION OF A PRAC-
TITIONER LICENSED BY LAW TO PRESCRIBE THE DRUG."
     § 499.03 (1) FLORIDA STATUTE (2013), EMPHASIS ADDED.

     FLA. STATUTE (2013) § 893.13 (6)(a) PROVIDES ANOTHER
EXCEPTION IF THE PERSON IN POSSESSION OF A CONTROLLED
SUBSTANCE HAS A VALID PRESCRIPTION FOR IT, NAMELY:
     " (6)(a) A PERSON MAY NOT BE IN ACTUAL OR CONSTRUC-
TIVE POSSESSION OF A CONTROLLED SUBSTANCE UNLESS
SUCH CONTROLLED SUBSTANCE WAS LAWFULLY OBTAINED
FROM A PRACTITIONER OR PURSUANT TO A VALID PRE-
SCRIPTION OR ORDER OF A PRACTITIONER WHILE ACTING
IN THE COURSE OF HIS/HER PROFESSIONAL PRACTICE OR
TO BE IN ACTUAL OR CONSTRUCTIVE POSSESSION OF A CON-
TROLLED SUBSTANCE EXCEPT OR OTHERWISE AUTHORIZED
BY THIS CHAPTER --"
     § 893.13 (6)(a) FLORIDA STATUTE (2013), EMPHASIS ADDED.

     IN STATE V. LATONA, 75 SO. 3d 394 (FLA. 5th DCA, 2011)
THE 5th DCA STATED, IN PART:
     FLA. STATUTE § 893.13 (6)(a) PERMITS AN INDIVIDUAL
TO LEGALLY POSSESS A CONTROLLED SUBSTANCE WHERE THE

Page 2

CONTROLLED SUBSTANCE WAS OBTAINED PURSUANT TO A
VALID PRESCRIPTION. SEE O'HARA V. STATE, 964 So. 2d
839, 841 (FLA. 2ND DCA, 2007). THE PRESCRIPTION HOLDER
AND ANY INDIVIDUAL AUTHORIZED BY THE PRESCRIPTION
HOLDER TO HOLD THE MEDICATION ON HIS OR HER
BEHALF. McCOY V. STATE, 56 So. 3d 37, 39 (FLA. 1ST
DCA, 2010). " LATONA SUPRA, AT 395. SEE ALSO,
CELESTE V. STATE, 79 So. 3d 898 (FLA. 5TH DCA, 2012).

       FLORIDA LAW AND CASES SUCH AS STATE V. KALOGEROPO-
LOUS, 758 So. 2d 110 (FLA. 2000); KNEEP V. STATE, 67 So.
3d 376 (FLA. 4TH DCA, 2011); STATE V. RAMEREZ, 198 So. 3d
52, (FLA. 2ND DCA, 2015); WAGNER V. STATE, 88 So. 3d 250
(FLA. 4TH DCA, 2012) AND STATE V. ADKINS, 96 So. 3d 412
(FLA. 2012) STATE THAT POSSESSION OF A PRESCRIPTION FOR
THE CONTROLLED SUBSTANCE GIVES THE ACCUSED THE EXCLU-
SION FOUND IN 8 499.03 (1), FLA. STATUTE, AND THE
COURT SHOULD DISMISS THE CHARGE.

       NONE OF THE COUNSELS APPOINTED TO THE PETITIONER
SOUGHT TO FILE A MOTION TO DISMISS PURSUANT TO
FLA. R. CRIM. P. RULE 3.190 (b) AND (c)(4) EVEN THOUGH IT WOULD
HAVE VERY LIKELY BEEN SUCCESSFUL. HAD THE TRIAL COURT
DENIED THE MOTION TO DISMISS, AN INTERLOCUTARY APPEAL
OF THAT DENIAL COULD HAVE BEEN FILED IMMEDIATELY AND
EVEN IF THAT APPEAL HAD BEEN DENIED PETITIONER COULD
HAVE PRESENTED THE PRESCRIPTIONS TO THE COURT FOR A
JUDGEMENT OF ACQUITTAL AND/OR TO THE COURT AND
JURY AS A COMPLETE DEFENSE REQUIRING THE COURT TO
GIVE JURY INSTRUCTION 3.6(n), PRESCRIPTION DEFENSE

Page 3

INSTRUCTION. HOWEVER, NONE OF THE ABOVE OCCURED IN PETITIONER'S CASE WHICH LED TO THE PETITIONER BEING FOUND GUILTY, AND SUBSEQUENTLY SENTENCED TO A MANDATORY MINIMUM OF TWENTY-FIVE (25) YEARS IN PRISON FOR A CONTROLLED SUBSTANCE THAT THE PETITIONER WAS LEGALLY PRESCRIBED. THIS IS A FUNDAMENTAL MISCARRIAGE OF JUSTICE SINCE THE PETITIONER WAS AND IS ACTUALLY INNOCENT OF TRAFFICKING IN HYDROMORPHONE.

UNDER McQUIGGIN V. PERKINS, 569 US 383 (2013) THE UNITED STATES SUPREME COURT HELD THAT:

"ACTUAL INNOCENCE, IF PROVEN, SERVES AS A GATEWAY THROUGH WHICH A PETITIONER MAY PASS WHETHER THE IMPEDIMENT IS A PROCEDURAL BAR -- OR EXPIRATION OF THE AEDPA STATUTE OF LIMITATION -- SENSITIVITY TO THE INJUSTICE OF INCARCERATING AN INNOCENT INDIVIDUAL SHOULD NOT ABATE WHEN THE IMPEDIMENT IS AEDPA'S STATUTE OF LIMITATIONS. -- A PETITIONER INVOKING THE MISCARRIAGE OF JUSTICE EXCEPTION MUST SHOW THAT IT IS MORE LIKELY THAN NOT THAT NO REASONABLE JUROR WOULD HAVE CONVICTED HIM IN THE LIGHT OF THE NEW EVIDENCE. SCHLUP V. DELO, 513 U.S. 298 AT 327 (1995) --- ENSURING THAT FEDERAL CONSTITUTIONAL ERRORS DO NOT RESULT IN THE INCARCERATION OF INNOCENT PERSONS.' HERRERA V. COLLINS, 506 US 390 AT 404 (1993). SEE ALSO, McQUIGGIN SUPRA AT 385, 386, 393; Green v. Sec'y, Fla. Dept of Corr., 877 F3d 1244 (11th Cir. 2017)

THE FACTS OF THIS CASE SHOWS THAT THE PRESCRIPTION EVIDENCE IS NOT "NEW" AS FAR AS BEING UNKNOWN TO THE PETITIONER OR HIS COUNSEL, BUT          page 4

IT IS AND WOULD STILL BE "NEW" IF IT WAS PRE-
SENTED TO THE COURT IN SUPPORT OF A MOTION TO
DISMISS OR TO THE COURT AND JURY AT A TRIAL
SINCE THIS HAS NEVER HAPPENED IN THE PETITIONER'S
CASE. THIS FACT ALONE DEMONSTRATES A FUNDAMENTAL
MISCARRIAGE OF JUSTICE. SINCE THE PETITIONER WAS
DENIED EFFECTIVE COUNSEL AND THE LAW OF FLORIDA DE-
MONSTRATES THAT THIS CHARGE SHOULD BE DISMISSED,
SINCE THE PETITIONER HAS A PRESCRIPTION THAT THE LAW
STATES PROVIDES HIM AN EXCEPTION TO BEING CHARGED
AT ALL AND ALL THE PETITIONER'S APPOINTED COUNSELS
FAILED TO EVEN FILE OR TO EVEN PRESENT AND SEEK
TO HAVE THE CHARGE DISMISSED, OR TO EVEN PRESENT
THE PRESCRIPTIONS DURING PETITIONER'S TRIAL DEM-
ONSTRATES MORE FUNDAMENTAL MISCARRIAGE OF JUSTICE.
THE PRESCRIPTIONS ALSO DEMONSTRATE ACTUAL INNOCENCE
SINCE NO REASONABLE JUROR WOULD HAVE CONVICTED
THE PETITIONER OF TRAFFICKING IN HYDROMORPHONE, THAT
THE PETITIONER LEGALLY POSSESSED BY PRESCRIPTION.

THE PETITIONER AVERS THAT THIS COURT SHOULD ACCEPT
THIS PETITION AS TIMELY FILED SINCE THE PETITIONER
IS RAISING A FUNDAMENTAL MISCARRIAGE OF JUSTICE
AND AN ACTUAL INNOCENCE CLAIM THAT HAS BEEN REL-
IABLY SHOWN.

FURTHERMORE, THE PETITIONER AVERS THAT THIS COURT
SHOULD HOLD AN EVIDENTIARY HEARING ON THIS GROUND
AND/OR VACATE PETITIONER'S CONVICTION AND SENTENCE
REGARDING COUNT IV.

page 5